**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| vs. | : | |
| | : | NO. 08-625-01 |
| ANDRE WARE | : | |

DuBOIS, J.                                                                              JULY 27, 2010

**M E M O R A N D U M**

**I.     INTRODUCTION**

Defendant filed a Motion to Defer Payment of Court Imposed Fine or to an Extension upon Release on June 24, 2010. The Government responded to the Motion on July 27, 2010. For the reasons set forth below, defendant's Motion to Defer Payment of Court Imposed Fine or to an Extension upon Release is denied on the present state of the record. The denial of the Motion is without prejudice to defendant's right to ask the Government and the Court to consider modifying the payment plan for his fine, as permitted under 18 U.S.C. § 3572(d)(3), after he exhausts administrative remedies.

**II.     BACKGROUND**

Defendant, Andre Ware, was convicted by jury on August 6, 2009, of conspiracy to possess with intent to distribute cocaine base ("crack") in violation of 21 U.S.C. § 846, possession with intent to distribute cocaine base ("crack") in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and distribution of cocaine base ("crack") in or near a school in violation of 21 U.S.C. § 860. On November 17, 2009, the Court sentenced Ware to 128 months imprisonment, six years supervised release, a $700.00 fine, and a $200.00 special assessment. The Judgment directed defendant to "pay the fine in quarterly installments of not less than $25.00 out of his

prison earnings, unless his prison earnings after payment of his special assessment are less that $25.00 a quarter, in which event, the quarterly installment shall be the amount of his prison earnings." The Judgment went on to state that beginning thirty (30) days after defendant is released from custody, defendant shall pay the balance due on his fine in monthly installments of not less that $50.00 while defendant is employed.

Defendant seeks relief from the obligation to pay his fine because he is " #49 on the unicor list" at SCI Fairton, the institution at which he was designated by the Bureau of Prisons, he is limited to earning $5.25 per month and cannot, therefore, earn enough money to pay his fine (and special assessment) and pay for his personal expenses. Defendant says nothing in his Motion about exhaustion of administrative remedies.

## III. DISCUSSION

Defendant is not entitled to the requested relief because the Court has no jurisdiction to modify the fine under the facts presented. The only statute to address a court's authority to modify a fine is 18 U.S.C. § 3573. That statute provides that "[u]pon petition of the Government showing that reasonable efforts to collect a fine or assessment are not likely to be effective, the court may, in the interest of justice– (1) remit all or part of the unpaid portion of the fine . . . ." Thus, under the plan language of § 3573, only the Government may petition the Court for the modification or remission of a fine.

Cases interpreting § 3573, have held that only the Government may petition for modification or remission of a fine. *United States v. Seale*, 20 F.3d 1279, 1286 n.8 (3d Cir. 1994). As the Court of Appeals noted in *Seale*, under the present statutory scheme, the defendant has no right to petition the Court to remit a fine. *See also United States v. Wynn*, 2009 WL 1448054, *3 (3d Cir. May 22, 2009) (not precedential); *United States v. Martinez*, 281 Fed.

Appx. 39, 41 (2d Cir. 2008) (unpublished) (holding that under Section 3573, the sentencing court may not modify a fine upon petition by the defendant); *United States v. Schilling*, 808 F. Supp. 1214, 1219 (E.D. Pa. 1992) (despite defendant's request and probation office's recommendation that $25,000 fine be remitted to $2,500, court found that "under current section 3573 defendants do not have the right to petition the courts to remit their criminal fines"); *United States v. Heimbach*, 808 F. Supp. 413, 416 (E.D. Pa. 1992) (holding that a court lacks the power to remit a defendant's fine except on petition of the government).

There is clearly no authority for this Court to grant the relief defendant seeks on the present state of the record. First, defendant must exhaust his administrative remedies, and there is no evidence that he has done so. *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). After exhausting administrative remedies, if reasonable relief is not provided, defendant may ask the Court and the Government to consider modifying the payment plan for his fine under 18 U.S.C. § 3572(d)(3). Any such request under 18 U.S.C. § 3572(d)(3) should include supporting financial information which will allow the Court and the Government to determine whether the payment schedule should be changed.

### IV. CONCLUSION

For all of the foregoing reasons, the Court denies defendant's Motion to Defer Payment of Court Imposed Fine or to an Extension upon Release.

An appropriate order follows.